## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS MORGAN, | No. 4:24-CV-01420 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ARVIZA, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### OCTOBER 8, 2024

Plaintiff Curtis Morgan filed the instant *pro se* civil rights lawsuit alleging Eighth Amendment violations by prison officials at the Federal Correctional Institution, Allenwood (FCI Allenwood), in White Deer, Pennsylvania.  He is presumably bringing claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for deliberate indifference to serious medical needs.  Because Morgan fails to state a claim for relief, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

## I.    BACKGROUND

In his short, handwritten complaint, Morgan alleges that, while in the custody of the United States Marshals, he broke his foot going up a set of stairs.[1]

---

[1]    Doc. 1 at 4-5.

Although Morgan does not state when this accident occurred, he notes that he saw an outside doctor and was informed that he needed surgery to repair his broken foot.[2]  At some point, Morgan was transported to Leavenworth, Kansas (presumably to the Federal Correctional Institution in Leavenworth), but did not receive the surgery.[3]

Morgan alleges that on September 10, 2023, he was transported to FCI Allenwood to have the prescribed foot surgery.[4]  It is here where he maintains that the constitutionally deficient medical care took place.[5]  Specifically, he asserts that on December 12, 2023, he was seen by defendant "Thomas R., DPM," a podiatrist in Lewisburg, Pennsylvania.[6]  According to Morgan, this doctor "never took an Xray," failed to review his prior medical records and only visibly assessed the condition of his foot, told Morgan that all he needed was "special shoes," and denied foot surgery.[7]

Morgan asserts he has continued to suffer constant pain and ambulation difficulties, which have gotten so bad that he now requires a wheelchair.[8]  He

---

[2]   *Id.*
[3]   *Id.*
[4]   *Id.*
[5]   *Id.*
[6]   *Id.* at 3, 4-5.  It appears that the full name of this physician is "Thomas Richard Albright, DPM."  *See* UPMC, UPMC PROVIDERS, https://providers.upmc.com/provider/thomas-richard-albright/1406286 (last visited Oct. 4, 2024).
[7]   Doc. 1 at 4-5.
[8]   *Id.* at 5-6.

further alleges that his feet are "beyond repair."[9]  He filed his complaint in this

Court in August 2024, naming five defendants: Dr. "Thomas R."; FCI Allenwood

Warden Arviza; and FCI Allenwood Physician Assistants Humphill, Gosa, and

Bizzlai.[10]  He requests compensatory damages for his pain and physical injuries

and also appears to seek injunctive relief in the form of termination of Defendants'

employment.[11]

## II.    STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se*

prisoner complaints targeting governmental entities, officers, or employees.[12]  One

basis for dismissal at the screening stage is if the complaint "fails to state a claim

upon which relief may be granted[.]"[13]  This language closely tracks Federal Rule

of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to

screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as

they utilize when resolving a motion to dismiss under Rule 12(b)(6).[14]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire

"whether a plaintiff will ultimately prevail but whether the claimant is entitled to

---

[9]    *Id.* at 5.
[10]   *Id.* at 2-3.
[11]   *Id.* at 6.
[12]   *See* 28 U.S.C. § 1915A(a).
[13]   *Id.* § 1915A(b)(1).
[14]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

offer evidence to support the claims."[15]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[16]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[17]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[18]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[19]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[20]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[21]

---

[15]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[16]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[17]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[18]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[19]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[20]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[21]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22]

Because Morgan proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[23]  This is particularly true when the *pro se* litigant, like Morgan, is incarcerated.[24]

## III.   DISCUSSION

At the outset, the Court observes that because Morgan is primarily suing federal actors for alleged constitutional deprivations, his claims implicate *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.[25]  Causes of action relying on *Bivens*, however, have been extremely circumscribed in recent years, and extending the *Bivens* remedy is now a decidedly "disfavored" judicial activity.[26]  Nevertheless, the Court need not determine at this juncture whether a *Bivens* remedy exists for Morgan's claims because his complaint fails to state a constitutional violation.  The Court will address Morgan's pleading deficiencies in turn.

---

[22]  *Iqbal*, 556 U.S. at 681.
[23]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[24]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[25]  403 U.S. 388 (1971).  Morgan also checked the box indicating that he is asserting a claim under 42 U.S.C. § 1983, (*see* Doc. 1 at 1), but none of his claims target state actors.
[26]  *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Iqbal*, 556 U.S. at 675).

### A.    Personal Involvement

It is well established that in *Bivens* actions (as in lawsuits pursuant to 42 U.S.C. § 1983), liability cannot be predicated solely on the operation of *respondeat superior*.[27]  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[28]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to liability.[29]

Morgan's primary pleading deficiency is his failure to allege personal involvement for four of the five Defendants.  Although he names multiple FCI Allenwood officials, he does not include any allegations of wrongdoing by these federal officials that would establish personal involvement in the purported constitutionally deficient medical care.  The only allegation involving Warden Arviza and the three physician assistants is that they "fail[ed] to intervene."[30]  This allegation is both conclusory and insufficient to plead personal involvement.

---

[27]  *See Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009).

[28]  *Id.*

[29]  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[30]  Doc. 1 at 6.

To plausibly plead a *Bivens* claim, Morgan must specify each Defendant's personal involvement in the alleged constitutional misconduct.  Morgan's complaint does not do so for four of the five Defendants.  Accordingly, the Court must dismiss the *Bivens* claims against Warden Arviza and Physician Assistants Humphill, Gosa, and Bizzlai under 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

## B.     "Federal Actor" for *Bivens* Liability

Morgan's complaint does allege personal involvement for Dr. "Thomas R." However, there is no indication or plausible allegation that this physician is a federal actor such that he can be subject to liability under *Bivens*.  Just as Section 1983 claims must target individuals acting under color of state law,[31] *Bivens* claims must target federal actors.[32]   *Bivens* claims, however, are even more restrictive than Section 1983 claims insofar as *Bivens* liability is often precluded for private individuals or entities acting under color of federal law.[33]

---

[31]   *See* 42 U.S.C. § 1983.

[32]   *See Davis v. Samuels*, 962 F.3d 105, 111-12 (3d Cir. 2020).

[33]   *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 & n.2 (2001) (holding that *FDIC v. Meyer*, 510 U.S. 471 (1994), "forecloses the extension of *Bivens* to private entities"); *Minneci v. Pollard*, 545 U.S. 118, 131 (2012) ("[W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.").  *But see Davis*, 962 F.3d at 112 (finding that *Bivens* claims "may reach private parties when they engage in the federal equivalent of 'state action.'" (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 801 (3d Cir. 2001)).

Dr. "Thomas R." appears to be a private physician who is not employed by FCI Allenwood or any other federal agency.  And even if he were somehow acting under color of federal law, which is not alleged, there likely could be no *Bivens* claim asserted against him because the Supreme Court of the United States has all but foreclosed such an extension of *Bivens*.[34]  Most notably, the Supreme Court reasoned that the existence of state-law tort remedies for such claims (*i.e.*, state-law negligence or medical malpractice claims, like those available here), counsel against an extension of *Bivens*.[35]  Thus, Morgan cannot state a constitutional tort claim against Dr. "Thomas R.," as this physician is not a federal actor.

## C.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[36]  Morgan will be granted leave to amend in the event that he can plead facts that would plausibly state a *Bivens* claim against an appropriate federal actor.

---

[34]  *See Minneci*, 545 U.S. at 120, 131.  In *Minneci*, the Supreme Court considered an Eighth Amendment medical indifference claim brought by a federal prisoner against employees of a private company that was operating a federal prison.  *Id.* at 121.  The Court declined to extend *Bivens* to such claims.  *Id.* at 131.  If the Eighth Amendment claims in *Minneci* are not cognizable under *Bivens* because there are alternative state-law tort remedies available, it follows that there is almost certainly no *Bivens* liability for private medical providers employed at <u>private</u> medical facilities, even if they treat federal prisoners and somehow could be considered acting under color of federal law.

[35]  *Id.* at 120, 131.

[36]  *Grayson*, 293 F.3d at 114.

The Court makes two important observations.  First, the medical records that Morgan attached to his complaint tell a different and more serious story than what he included in his *pro se* pleading.  According to records from "Union Health," Morgan was diagnosed by a podiatrist (Kyle Wilmes, DPM)[37] with "Charcot's joint" of the left and right foot, as well as Lisfranc's dislocations of the left and right foot, who also opined that it was medically necessary for Morgan to be "non weight bearing" and to have special medical footwear.[38]  This diagnosis dates back to at least November 30, 2022.[39]  Morgan's condition continued to worsen, and in February 2023, Dr. Wilmes opined:

> I think if he[] continues to ambulate and if he cannot be fully [non-weight bearing], he will end up losing his feet [secondary to the] need for amputation.  We have recommended strict [non-weight bearing] until he is able to get [his] A1C down enough to have the Charcot foot fixed, however, he states that he is unable to be fully [non-weight bearing].  My recommendation would be for a transfer to [a] skilled nursing facility or [long-term acute care facility] for strict [non-weight bearing] until glycemic control can be managed so we can fix his foot.  We have reached out directly to his facility.  Again I think if he is unable to be fully non-weight bearing until his A1C has gotten down lower, he will likely lose both of his feet.[40]

---

[37]  This medical provider appears to be based in Terre Haute, Indiana.  *See* UNION HEALTH, *Providers*, https://www.union.health/physicians/details.aspx?physician=147&sid=1 (last visited Oct. 4, 2024).

[38]  Doc. 1-1 at 2.  Specifically, Dr. Wilmes found "Charcot changes to the Lisfranc joint complex of the right foot which are not new.  Patient has new changes to the left foot showing homolateral dislocation laterally of the Lisfranc joint complex and dorsal dislocation of the 2nd through 4th metatarsal bases, dorsal dislocation of the 1st metatarsal base as well as overlying the medial cuneiform with fragmentation of the metatarsal bases and cuneiform bones consistent with acute phase Charcot deformity of left foot and chronic Charcot deformity of right foot with no new changes compared to previous exam."  *Id.*

[39]  *See id.*

[40]  *Id.* at 5.

Dr. Wilmes' February 8, 2023 progress note further indicated that although Morgan had been prescribed special shoes for his condition (referred to as "Crow Boots"), he had only been fitted for those shoes and had not yet received them.[41] Disconcertingly, in Morgan's August 2024 complaint, he asserts that he still has not received the prescribed medical footwear and is wheelchair bound.[42]

In light of these records and the serious medical issues therein, it may be possible for Morgan to plausibly allege an Eighth Amendment claim for deliberate indifference to serious medical needs. The Court offers no opinion on the viability of such a claim under *Bivens* or in general.

Second, the Court observes that Morgan's allegations—at least as to Dr. "Thomas R."—may be better suited to a state-law claim of medical malpractice regarding the treatment (or lack thereof) by this physician, who is not a federal actor. A stand-alone medical malpractice claim against a private physician, however, would need to be filed in state court rather than federal court.[43]

If Morgan chooses to file an amended complaint in federal court, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Morgan's Eighth Amendment medical indifference claim (or claims) in short, concise, and plain

---

[41] *Id.* at 4.
[42] *See* Doc. 1 at 5.
[43] *See generally* 28 U.S.C. §§ 1331, 1332.

statements, and in sequentially numbered paragraphs.  Morgan must leave one-inch margins on all four sides of his pleading.[44]  He must also cure the defects specifically noted in this Memorandum.

In particular, Morgan must name proper defendants and *specify* the offending actions taken by a particular defendant.  This step is especially critical for Morgan, as his initial complaint is devoid of allegations that demonstrate any federal Defendant's personal involvement in the purportedly deficient medical care.  He must also sign the amended complaint and indicate the nature of the relief sought.

If Morgan does not timely file an amended complaint, dismissal of his complaint without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## IV.   CONCLUSION

Based on the foregoing, the Court is constrained to dismiss without prejudice Morgan's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  Morgan may file an amended complaint in accordance with this Memorandum, or he may choose to pursue state-law claims in state court.  If no amended complaint is timely filed,

---

[44]  *See* LOCAL RULE OF COURT 5.1.

dismissal without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge