IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS MORGAN, | No. 4:24-CV-01420 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ARVIZA, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

DECEMBER 2, 2025

Plaintiff Curtis Morgan filed the instant *pro se* civil rights lawsuit alleging Eighth Amendment violations by prison officials at the Federal Correctional Institution, Allenwood (FCI Allenwood), in White Deer, Pennsylvania. He asserts claims for money damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that FCI Allenwood officials were deliberately indifferent to his serious medical needs. Because Morgan fails to state a claim for relief, the Court will grant Defendants' motion to dismiss.

I.  BACKGROUND

Morgan initially filed the instant lawsuit in August 2024.[1] The Court screened his abbreviated, handwritten complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed the case without prejudice for failure to state a claim upon which

---

[1]  *See generally* Doc. 1.

relief may be granted.[2]  Morgan filed an amended complaint,[3] which is the operative pleading.

In his amended complaint, Morgan contends that he received deficient medical care at FCI Allenwood.  He alleges that the medical providers at FCI Allenwood failed to properly treat his injured feet, causing severe and permanent damage.[4]  According to Morgan's attached medical records, he was previously diagnosed with "Charcot's joint" of the left and right foot, as well as Lisfranc's dislocations of the left and right foot.[5]  The gravamen of his amended complaint alleges that FCI Allenwood medical providers failed to treat these serious medical conditions appropriately.[6]  Morgan additionally alleges that he attempted to get Warden Arviza to intervene in the medically deficient care but that Arviza ignored his multiple requests for intervention.[7]

Morgan sues four defendants in his amended complaint: FCI Allenwood Warden Arviza and FCI Allenwood medical providers Gosa, Bizzlak, and Humphill.[8]  He requests compensatory damages for pain and physical injuries, the cost of future medical care, and future lost wages.[9]

---

[2]  *See generally* Docs. 5, 6.
[3]  Doc. 11.
[4]  *Id.* ¶¶ 8-21.
[5]  *See* Doc. 11-1 at 1-6.
[6]  *See* Doc. 11 ¶¶ 8-21.
[7]  *Id.* ¶¶ 22-25.
[8]  *Id.* at p. 2.
[9]  *Id.* at pp. 10-11.

Defendants have moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) or alternatively for summary judgment under Federal Rule of Civil Procedure 56.[10]  Prior to submitting his brief in opposition, Morgan sought appointment of counsel,[11] which motion the Court conditionally granted.[12]  However, after receiving notice from the district's pro bono coordinator that pro bono counsel could not be located, the Court was constrained to deny Morgan's motion for appointment of counsel and require him to continue in his *pro se* posture.[13]

Defendants' motion to dismiss or alternatively for summary judgment is now fully briefed and ripe for disposition.  The Court need only address Defendants' Rule 12(b)(6) motion, as it is dispositive to the outcome of this case.

## II.   STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[14]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[15]  In addition to the facts alleged on the face of

---

[10]   Doc. 15.
[11]   Doc. 23.
[12]   *See* Doc. 24.
[13]   *See* Docs. 31, 32.
[14]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[15]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[16]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[17] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[18] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[19] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[20] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]

Because Morgan proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less

---

[16] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[17] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[18] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[19] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[20] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[21] *Iqbal*, 556 U.S. at 681.

stringent standards than formal pleadings drafted by lawyers[.]"²² This is particularly true when the *pro se* litigant, like Morgan, is incarcerated.²³

## III.    DISCUSSION

Defendants raise two overarching arguments: (1) Morgan's Eighth Amendment medical indifference claims represent an unwarranted extension of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* and thus should be dismissed; and (2) alternatively, Defendants are entitled to qualified immunity on Morgan's claims. The Court reaches Defendants' first argument only.

### A.    *Bivens* Claims

In 1971, the Supreme Court of the United States held that, "even absent statutory authorization, it would enforce a damages remedy" to compensate individuals who experienced violations by federal officers of the Fourth Amendment's prohibition against unreasonable searches and seizures.²⁴ Subsequently, the Court extended the *Bivens* cause of action in two cases involving other types of constitutional violations. First, in *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), the Court held that the Fifth Amendment's Due Process Clause provided an implied damages remedy to an administrative assistant claiming that a

---

²² *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
²³ *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
²⁴ *Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017); *Bivens*, 403 U.S. at 397.

Congressman had discriminated against her based on gender. Next, the Court concluded that the Eighth Amendment's prohibition on cruel and unusual punishment implied a cause of action for damages against federal prison officials who had failed to provide adequate medical treatment to an asthmatic inmate.[25] "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."[26]

Over the years that followed, the Supreme Court has "consistently refused to expand *Bivens* actions beyond these three specific contexts."[27] The Supreme Court has specifically noted that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity."[28]

In *Ziglar v. Abbasi*, the Court provided a "restrictive, two-step framework for courts to follow when analyzing *Bivens* claims."[29] First, courts must determine whether the case presents a "new context," *i.e.*, if it is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court."[30] The Supreme Court has defined "new context" broadly,[31] explaining that "even a modest

---

[25] *See Carlson v. Green*, 446 U.S. 14, 16 n.1 (1980).
[26] *Abbasi*, 582 U.S. at 131; *see also Egbert v. Boule*, 596 U.S. 482, 492 (2022).
[27] *Mack v. Yost*, 968 F.3d 311, 318 (3d Cir. 2020).
[28] *Abbasi*, 582 U.S. at 135 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).
[29] *Mack*, 968 F.3d at 317.
[30] *Id.* (alteration in original) (quoting *Abbasi*, 582 U.S. at 139).
[31] *See id.*

[*Bivens*] extension is still an extension."[32] A *Bivens* claim "may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."[33]

If the case presents a new context, courts must then consider whether special factors counsel against extending the *Bivens* remedy.[34] If so, the court must reject the requested extension.[35] The Supreme Court has clarified that courts are required "to ask whether 'the Judiciary *is at least arguably less equipped* than Congress' to weigh the costs and benefits of a damages action."[36] If the court "ha[s] reason to pause before applying *Bivens* in a new context or to a new class of defendants," then special factors counseling hesitation exist.[37] There may be many special factors, but two are "particularly weighty: the availability of an alternative remedial structure and separation-of-powers concerns."[38] Indeed, the United States Court of Appeals for the Third Circuit has held that the existence of an alternative remedial structure—like the Federal Bureau of Prison's Administrative Remedy Program (ARP)—is a "special factor" that can create a new context at step one of the two-step analysis.[39]

---

[32] *Abassi*, 582 U.S. at 147.
[33] *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020).
[34] *See Mack*, 968 F.3d at 317 (citing *Abbasi*, 582 U.S. at 136).
[35] *See id.* (citing *Hernandez*, 589 U.S. at 102).
[36] *Fisher v. Hollingsworth*, 115 F.4th 197, 205 (3d Cir. 2024) (quoting *Egbert*, 596 U.S. at 492).
[37] *Hernandez*, 589 U.S. at 102.
[38] *Mack*, 968 F.3d at 320 (internal quotation marks omitted).
[39] *See Muniz v. United States*, 149 F.4th 256, 263-64 (3d Cir. 2025); *Kalu v. Spaulding*, 113 F.4th 311, 327-28 (3d Cir. 2024). *But see Muniz*, 149 F.4th at 266-67 (Restrepo, J., concurring)

Defendants contend that Morgan's Eighth Amendment claims present a new context and that special factors counsel against extending the *Bivens* remedy here. Morgan, for his part, has not responded to Defendants' *Bivens* arguments whatsoever. The Court finds that Defendants' unopposed *Bivens* arguments are correct and foreclose relief in this case.

First, although Morgan is asserting an Eighth Amendment medical indifference claim, like the claim raised in *Carlson*, his facts present a new context. In *Carlson*, an inmate's family sued federal prison officials, alleging the inmate had died from a treatable asthma attack after medical providers failed to give him competent medical attention for eight hours, administered contraindicated drugs that made his asthma attack more severe, and substantially delayed his transfer to an outside hospital.[40] The plaintiff in *Carlson* further alleged that the federal officials' deficient medical care was motivated in part by racial animus.[41]

Morgan, on the contrary, asserts that FCI Allenwood medical providers failed to properly treat his Charcot foot deformity and Lisfranc fractures over an extended period of time, resulting in the worsening of his severe foot problems and pain and suffering. As Defendants correctly observe, the facts in *Carlson* bear

---

(disagreeing with approach taken in *Kalu v. Spaulding* and observing that Seventh, Ninth, and Tenth Circuits consider "alternative remedial structures" only at step two, not as part of step one, which better aligns with the Supreme Court's approach in *Egbert* and *Goldey v. Fields*, 606 U.S. 942 (2025)).

[40] *See Carlson*, 446 U.S. at 16 n.1.
[41] *See id.*

8

little resemblance to the facts of the case at bar, thus presenting a new *Bivens* context. Moreover, even if Morgan's ailments, injuries, deficient-treatment allegations, and targeted defendants were identical to those in *Carlson*, the availability of the BOP's administrative remedy program—which was not in existence when *Carlson* was considered by the Supreme Court—creates a new *Bivens* context here.[42]

The second step in the *Bivens* analysis asks whether special factors counsel against extending the *Bivens* remedy. The Court answers this question in the affirmative. Specifically, a *Bivens* extension is unwarranted here primarily because there are multiple alternative remedies available.

As the Third Circuit has repeatedly noted, the availability of the BOP's administrative remedy program often provides an alternative to a federal *Bivens* lawsuit.[43] Through the administrative remedy process, federal prisoners "can alert the BOP to unconstitutional officer conduct and policies and prevent such constitutional violations from recurring."[44] And even if Morgan's attempts to resolve his medical care disputes through the administrative process were ultimately unsuccessful, he had access to at least "some redress," and therefore the Court finds—as in *Mack*—that the BOP's administrative remedy program offers a

---

[42] *See Muniz*, 149 F.4th at 263-64; *Kalu*, 113 F.4th at 327-28.
[43] *See Muniz*, 149 F.4th at 264-65; *Dongarra v. Smith*, 27 F.4th 174, 181 (3d Cir. 2022); *Mack*, 968 F.3d at 320-21.
[44] *Mack*, 968 F.3d at 321.

9

"convincing reason" to refrain from extending *Bivens* to claims like those raised by Morgan.[45]

Additionally, the possibility of relief under the FTCA—"a statutory scheme for torts committed by federal officers"—"weighs against inferring a new cause of action" under *Bivens*.[46] That remains true even if the FTCA fails to "provide the exact same kind of relief *Bivens* would."[47] In this case, Morgan could have asserted (and may still be able to assert) state-law medical malpractice claims against the FCI Allenwood medical providers through the FTCA.[48]

In sum, Morgan's Eighth Amendment claims would extend *Bivens* to a new context, yet special factors counsel against such an extension. The Court will therefore dismiss Morgan's *Bivens* claims.

---

[45] *See id.* (citations omitted); *see also Abbasi*, 582 U.S. at 137 ("[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action."); *Muniz*, 149 F.4th at 265 ("At bottom, Muniz's *Bivens* claim fails because an alternative remedy existed and was made available to him.").

[46] *Oliva v. Nivar*, 973 F.3d 438, 443-44 (5th Cir. 2020); *see also Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018); *Jones v. Bradley*, No. 4:21-CV-00026, 2023 WL 2088430, at *3 (M.D. Pa. Feb. 17, 2023) (Brann, C.J.) (noting that alternative remedy provided by FTCA counsels against *Bivens* extension); *Oliveras v. Basile*, 440 F. Supp. 3d 365, 373 (S.D.N.Y. 2020) (collecting cases).

[47] *Oliva*, 973 F.3d at 444 (citing *Minneci v. Pollard*, 565 U.S. 118, 129 (2012)); *see also Xi v. Haugen*, 68 F.4th 824, 837 (3d Cir. 2023) (noting that "an alternative remedy need not provide 'complete relief' or be as 'effective as an individual damages remedy' to foreclose *Bivens* relief" (quoting *Egbert*, 596 U.S. at 493, 498)).

[48] *See, e.g.*, *Wilson v. United States*, 79 F.4th 312, 315 (3d Cir. 2023) (discussing FTCA claim of medical malpractice under Pennsylvania law raised by detainee in federal detention center).

**B.     Leave to Amend**

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[49]  Here, leave to amend will be denied as futile.[50]  Morgan seeks an extension of *Bivens* that is both judicially disfavored and unwarranted under the circumstances.

**IV.    CONCLUSION**

Based on the foregoing, the Court is constrained to dismiss with prejudice Morgan's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because he fails to state a claim upon which relief may be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[49] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).
[50] *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").